

2010 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-12-2010

# In Re: Dante Morris

Precedential or Non-Precedential: Non-Precedential

Docket No. 10-3954

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2010

Recommended Citation

"In Re: Dante Morris " (2010). *2010 Decisions.* Paper 258.
http://digitalcommons.law.villanova.edu/thirdcircuit_2010/258

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2010 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

CLD-017                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 10-3954

_____

IN RE: DANTE AMOR MORRIS,
Petitioner

_____

Petition for Writ of Mandamus from the
United States District Court for the
Eastern District of Pennsylvania
(Related to D.C. Criminal Action No. 99-cr-00601)

_____

Submitted Under Rule 21, Fed. R. App. P
October 21, 2010

Before:  RENDELL, FUENTES and SMITH, Circuit Judges

(Opinion filed:  November 12, 2010)

_____

OPINION OF THE COURT

_____

PER CURIAM

Petitioner Dante Morris seeks a writ of mandamus directing the District Court to

grant his release from prison and to compel the prosecutor involved in his case to

"enforce" certain unspecified obligations to him.  We will deny the petition.

In March 2004, Morris pled guilty to thirty-six counts of possessing and uttering

counterfeit checks, in violation of 18 U.S.C. § 513(a).  The District Court sentenced

Morris to eight months of imprisonment, a three year term of supervised release, a special

assessment of $3,600, and restitution in the amount of $29,135.17. After his release from prison, Morris failed to report to the U.S. Probation Office and, in August 2004, the District Court issued a warrant for his arrest. Morris remained a fugitive until he was arrested by the U.S. Marshals Service in January 2010. At a hearing that same month, the District Court revoked Morris' supervised release and imposed a sentence of twenty-four months of imprisonment. Morris subsequently filed a notice of appeal in this Court arguing, inter alia, that the District Court lacks jurisdiction over his case. See United States v. Dante Morris, C.A. No. 10-2507. While that appeal was pending, he filed the instant mandamus petition.

Although the relief that Morris seeks in his petition is not entirely clear, he appears to request review of the same issue that he raised on direct appeal ─ that the District Court lacks jurisdiction over his case and, as a result, he should be released from prison. He also argues that the prosecutor involved in his case owes him certain "obligations," but does not specify what those obligations are.

A writ of mandamus is a drastic remedy available only in extraordinary cases. See In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005). A petitioner seeking mandamus must demonstrate that "(1) no other adequate means exist to attain the relief he desires, (2) the party's right to issuance of the writ is clear and indisputable, and (3) the writ is appropriate under the circumstances." Hollingsworth v. Perry, 130 S.Ct. 705, 710 (2010) (per curiam) (internal quotation marks and citation omitted). Mandamus

2

cannot serve as a substitute for an appeal.  See Madden v. Myers, 102 F.3d 74, 77 (3d Cir. 1996).

Because Morris filed his mandamus petition while his direct appeal was still pending in this Court and mandamus is not a substitute for an appeal, we will deny the petition.[1]

---

[1] To the extent Morris also alleges that the prosecutor involved in his case has failed to satisfy certain obligations, he has not set forth anything in support of the assertion, let alone demonstrated that mandamus relief is warranted.